UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:14CR333 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | |
| DWUAN SMITH, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

Defendant Dwuan Smith filed a Renewed Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 48). For the following reasons, the Court **DENIES** Defendant's Motion.

Procedurally, it does not appear Defendant adequately exhausted his administrative remedies before he filed his renewed motion. Section 3582(c)(1)(A) requires defendants to exhaust their administrative remedies before taking their request to the district courts. 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). To prove that he complied with this requirement, Defendant attaches an administrative request from June of 2020. He attached the same request to support his original motion for compassionate release in July of 2020. (*See* Doc. 44-1). Yet, much has changed in the intervening year and half. It is precisely for these reasons that the Bureau of Prisons should have first say in deciding Defendant's request.

Substantively, Defendant's Renewed Motion also fails on the merits. In arguing that he has presented extraordinary and compelling reasons for release, Defendant relies on (1) the COVID-19 pandemic; (2) changes in sentencing law; and (3) his post-sentencing rehabilitation. But under the current state of the law in the Sixth Circuit, Defendant's reasons fail.

First, the landscape surrounding the COVID-19 pandemic has changed, with the major change being vaccination. And the Sixth Circuit has acknowledged the importance of vaccine availability in holding that, "when the defendant has access to the COVID-19 vaccine [he] does not present an 'extraordinary and compelling reason' warranting a sentence reduction. *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). Defendant is vaccinated. He also contracted and recovered from COVID-19 in January of 2021. Accordingly, Defendant's concern over COVID-19 cannot justify a sentence reduction.

Second, nonretroactive changes in sentencing law cannot support Defendant's extraordinary and compelling reason claim. Defendant cites *United States v. McCall*, 20 F.4th 1108 (2021) in support of his claim. *McCall* held that "a court may consider a nonretroactive change in law as one of several factors forming extraordinary and compelling circumstances qualifying for sentence reduction under § 3582(c)(1)(A)." *McCall*, 20 F.4th at 1116. But Defendant overlooks *United States v. McKinnie*, 24 F.4th 583 (6th Cir. 2022), decided after *McCall* and prior to Defendant filing his Renewed Motion. *McKinnie* tells us that "a *Havis* error" – like the type Defendant relies on here – "is not an extraordinary and compelling reason to modify an inmate's sentence under § 3582(c)(1)(A)(i)." *McKinnie*, 24 F.4th 583. *McKinnie* then called into question *McCall*'s precedential value, holding that the Sixth Circuit must follow the prior precedent of *United States v. Hunter*, 12 F.4th 555 (6th Cir. 2021), which was decided

- 3 -

before *McCall*. *Id.* Thus, despite the disagreement on this topic at the Sixth Circuit, the Court agrees with *McKinnie* and holds that Defendant's reliance on *McCall* is misplaced.

Finally, all that remains is Defendant's post-sentencing rehabilitation. But rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. 28 U.S.C. § 994(t); *McKinnie*, 24 F.4th 583; *Hunter*, 12 F.4th at 572 ("Congress was emphatically clear that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason'"). It would further be improper to combine this fact with the two other insufficient reasons Defendant proposes, namely, the COVID-19 pandemic and the change in sentencing law. *See Lemons*, 15 F.4th at 749 (noting that a "combination of grounds for release, none of which independently supports a sentence reduction, does not collectively entitle a defendant to a sentence reduction") (citing *United States v. Jarvis*, 999 F.3d 442, 444 (6th Cir. 2021)).

As such, Defendant's Renewed Motion fails on its merits and the Court **DENIES** the Motion.

**IT IS SO ORDERED.**

                                         s/ Christopher A. Boyko
                                        **CHRISTOPHER A. BOYKO**
                                        **Senior United States District Judge**

**Dated: February 17, 2022**